# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * | | |
| JESSICA R. BOATWRIGHT, | * | No. 19-176V |
| | * | |
| Petitioner, | * | |
| | * | Special Master Christian J. Moran |
| v. | * | |
| | * | Filed: October 15, 2024 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * | | |

Nancy Meyers, Turning Point Litigation, Greensboro, NC, for petitioner;
Kimberly Davey, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

  Jessica Boatwright is seeking compensation through the National Childhood Vaccine Injury Compensation Program. She has requested an award of attorneys' fees and costs on an interim basis. Ms. Boatwright is awarded **$130,589.79**.

*   *   *

  Represented by Attorney Nancy Meyers, Ms. Boatwright initiated this case by filing her petition on January 31, 2019. At this time, Ms. Meyers worked for law firm known as Ward Black. During the litigation, she began to work for Turning Point Litigation. Ms. Boatwright submitted medical records periodically.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Ms. Boatwright supported her claim with reports from Lawrence Steinman, a neurologist who frequently assists people seeking compensation in the Vaccine Program. Exhibits 21 and 44.

The parties dispute whether Ms. Boatwright is entitled to compensation, and they have advocated for their respective positions. Ms. Boatwright requested an award of attorneys' fees and costs totaling $130,589.79. Pet'r's Mot., filed June 28, 2024. The Secretary has not opposed any aspect of this motion and instead has deferred to the special master's assessment. Resp't's Resp., filed July 12, 2024.

\*   \*   \*

As to whether Ms. Boatwright should receive an award of attorneys' fees and costs on an interim basis, there are a series of sequential questions, each of which requires an affirmative answer to the previous question. First, whether Ms. Boatwright has submitted evidence that makes her eligible to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, Ms. Boatwright should be awarded her attorneys' fees and costs on an interim basis? Third, what is a reasonable amount of attorneys' fees and costs? These questions are addressed below.

### 1. Eligibility for An Award of Attorneys' Fees and Costs

A petitioner who has not received compensation may be awarded "compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1).

Dr. Steinman opines that an influenza vaccine harmed Ms. Boatwright. This evidence carries Ms. Boatwright's burden regarding reasonable basis.

### 2. Appropriateness of an Interim Award

When a petitioner meets the eligibility requirements for an award of attorneys' fees and costs on an interim basis, the special master has discretion to make such an award. See Rehn v. Sec'y of Health & Human Servs., 126 Fed. Cl. 86, 92 (2016) (even after good faith and reasonable basis have been established, the special master must determine "whether to exercise his or her discretion to award attorneys' fees and costs"); cf. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1352 (Fed. Cir. 2008) (holding that even though permitted under the

2

Vaccine Act, an interim award was not appropriate in that case). When determining the appropriateness of an interim award, the Federal Circuit has considered such factors as protracted proceedings, costly experts, and undue hardship. Shaw v. Sec'y of Health & Human Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010); Avera, 515 F.3d at 1352.

Here, the case has lasted approximately five years. Whether the case will resolve soon is undetermined. Ms. Meyers has a legitimate claim to more than $100,000 in fees. Thus, an award of attorneys' fees and costs on an interim basis is appropriate.

### 3. Reasonableness of Requested Amounts

Ms. Boatwright seeks $130,589.79 in total. Most is associated with Turning Point Litigation, although $15,179.17 is associated with Ward Black.

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis exception applies, and that petitioner's counsel is paid according to the local rate. Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757-60 (D.C. Cir. 1999).

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A. Reasonable Hourly Rate

Ms. Boatwright has generally, but not universally, requested compensation for attorneys and their paralegals at rates previously awarded. Anglewicz v. Sec'y of Health & Hum. Servs., No. 20-1504V, 2024 WL 3085998, at *2 (Fed. Cl. Spec. Mstr. May 20, 2024). In Anglewicz and other cases, the Chief Special Master

3

noted that the increase in Ms. Meyers's hourly rate from $490 in 2023 to $530 in 2024 is greater than what is normally allowed. Id. at *2 n.3. The undersigned would be inclined to find that Ms. Meyers has not justified an increase of more than 8 percent and that a reduction in her 2024 hourly rate is appropriate. However, a reduction will not be imposed for two reasons. First, although Anglewicz's acceptance of $530 per hour for Ms. Meyers is not binding, comity among special masters allows for more expeditious processing of requests for attorneys' fees. Second, the Secretary did not interpose any objection to Ms. Meyers's proposed hourly rate "with particularity." See Vaccine Rule 13(a)(3). Nevertheless, Ms. Meyers is encouraged to be mindful when adjusting her rates in 2025.

Anglewicz also reduced the hourly rates for an attorney working with Ms. Meyers, L. Cooper Harrell for the years 2023 and 2024. Although Mr. Harrell has spent time writing factual summaries for Dr. Steinman, Mr. Harrell's work was performed in 2022. Thus, no reduction for Mr. Harrell's work in this case is required.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In general, the timesheets provide sufficient information to assess the reasonableness of the activity. While the time is being accepted, some aspects merit discussion.

A junior attorney, Tyler Nullmeyer, spent a relatively lengthy amount of time writing the primary brief in support of entitlement and the reply brief on the same topic. Collectively, Attorney Nullmeyer charged about 150 hours (about 100 hours for the primary brief and about 50 hours for the reply). Given Ms. Meyers's experience in the Vaccine Program, some aspects, such as the Althen factors, should not have required original research and/or original drafting. On the other hand, Ms. Boatwright's case involves some different issues, such as the off-Table diagnostic criteria for Guillain-Barré syndrome. The briefs engaged with these

4

issues effectively.² Attorney Nullmeyer's potentially higher than expected number of hours is offset, at least to a degree, by the lower hourly rate charged by an associate attorney. Finally, the Secretary's failure to interpose any objection to the number of hours contributes to a finding that the overall charges for the briefs are reasonable.

Separately, Ms. Meyers spent more than three hours reviewing a "length[y] 31-page billing statement spanning more than 4 years for time entries." It would seem that attorneys with as much experience as Ms. Meyers could review more than 10 pages per hour. Nevertheless, it appears that the time was well spent in the sense that the undersigned's review identifying relatively few questionable entries.

With those caveats, the proposed attorneys' fees for Turning Point Litigation ($101,156.00) are accepted as reasonable. So, too, the proposed attorneys' fees for Ward Black ($14,134.00) are accepted as reasonable. Ms. Boatwright is awarded the amount requested.

### C. Costs

Ms. Boatwright asks for an award of costs incurred by Ms. Meyers at Turning Point Litigation and Ward Black. For Turning Point Litigation, the charges total $14,254.62 with the vast majority devoted to reimbursement for Dr. Steinman. These are reasonable. For Ward Black, the charges total $1,045.17, consisting of expenses for the court's filing fee, medical records, and postage. These are reasonable.

### Conclusion

An interim award of attorneys' fees and costs is appropriate at this time. Ms. Boatwright is awarded a total of **$130,589.79**. This amount shall be paid: An amount of **$130,589.79** as a lump sum in the form of a check jointly payable to Ms. Boatwright and Ms. Meyers.³

---

² The term "effectively" is not intended to imply that Ms. Boatwright's briefs were (or were not) persuasive. Whether Ms. Boatwright is entitled to compensation remains to be determined.

³ Petitioner's motion requested a single check. Therefore, separate checks for Turning Point Litigation and Ward Black are not required.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

s/Christian J. Moran  
Christian J. Moran  
Special Master